UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RAMIRO CANALES, #01244960,** | § |
| | § |
| **Plaintiff,** | § |
| | § SA-24-CV-00655-FB |
| v. | § |
| | § |
| **SENIOR WARDEN PHONSO J. RAYFORD; ET AL.,** | § |
| | § |
| **Defendants.** | § |

### ORDER OF DISMISSAL

Before the Court is Plaintiff Ramiro Canales's *pro se* 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 11). Plaintiff requested and was granted leave to proceed *in forma pauperis*. (ECF Nos. 3, 10). Also pending are the following motions: Plaintiff's Motion for Production of Documents (ECF No. 15) and Plaintiff's Motion of Retaliation (ECF No. 17). Upon consideration, Plaintiff's Motion for Production of Documents (ECF No. 15) is **DENIED**; Plaintiff's Motion of Retaliation (ECF No. 17) is **DISMISSED**; and Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous complaint.

### BACKGROUND

In 2004, Plaintiff Canales was convicted of one count of burglary of a habitation with intent to commit a felony and two counts of aggravated sexual assault for which he was given a life sentence. At the time he filed this action, he was housed at the Texas Department of Criminal Justice ("TDCJ") Allred Unit in Iowa Park, Texas. However, Plaintiff is currently being housed at the Connally Unit in Kenedy, Texas.

In his Original Complaint, executed on June 4, 2024, Plaintiff named the following defendants in both their individual and official capacities: (1) Phonso J. Rayford, Senior Warden; (2) Vanessa Valero, Correctional Officer; (3) Ruth Trice, Correctional Officer; (4) Lacy Wilkinson, Counsel Substitute; (5) H.M. Pederson, Investigator/Central Grievance Office; (6) Captain S. Woleslage, Correctional Officer; (7) V. Davis, Assistant Warden; (8) Roger Boyd, Assistant Warden; (9) Sausha M. Salinas, Counsel Substitute; (10) Lorraine Salas, Unit Grievance Investigator; (11) J. Garza, Unit Grievance Investigator ; (12) Jane Doe, Director of Review Committee; and (13) Jane Doe, Unit Mailroom Staff. (ECF No. 1). Plaintiff alleged Rayford, Valero, Ruth, Wilkinson, Pederson, Woleslage, Davis, Boyd, Salinas, Salas, and Garza retaliated against him for engaging in protected conduct by complaining of prison conditions and official misconduct. (*Id.* at 8). Plaintiff also complained that an unidentified mailroom clerk retaliated against him for engaging in protected conduct by "steal[ing]" his property. (*Id.*).

Plaintiff was subsequently ordered to show cause why his complaint should not be dismissed for failure to state a claim by submitting an amended complaint that cured the deficiencies noted in the Court's Order. (ECF No. 10). In response, Plaintiff filed an Amended Complaint (ECF No. 11), along with a supplement[1] (ECF No. 14).

In his Amended Complaint, Plaintiff purports to sue the following defendants in their individual capacities only: (1) Warden Rayford; (2) C.O. Valero; (3) C.O. Trice; (4) C.S. Wilkinson; (5) Grievance Officer Pederson; (6) C.O. Woleslage; (7) Asst. Warden Davis; (8) Asst. Warden Boyd; (9) Jane Doe, Director of Review Committee; (10) Debbie D. Strait, Unit Mailroom staff; and (11) Ms. Gutierrez, Unit Mailroom Staff. (ECF No. 11). Plaintiff alleges that these defendants acted with deliberate indifference, and subjected him to cruel and unusual

---

[1] The "supplement" consists of a grievance and related documents in support of his complaint and does not otherwise "supplement" the complaint.

2

punishment, negligence, and retaliation. (*Id.* at 5-6). Plaintiff purports to hold Rayford, Woleslage, Davis and Boyd responsible for acts allegedly committed by their employees. (*Id.* at 8, 10-11). Additionally, he purports to sue Jane Doe, (the Director of Review Committee over inmate mail/correspondence) for denying him the right to appeal the decision to withhold his books, and Debbie D. Strait, as well as Ms. Gutierrez, for confiscating his books and refusing to reimburse him $218.00 for his expenses. (*Id.* at 12-16). As relief, Plaintiff Canales seeks $2,500.00 in compensatory damages and $500.00 in punitive damages from each defendant, as well as $218.00 for the cost of the books he ordered but did not receive. (*Id.* at 7, 16).

For reasons set out below, Canales's amended complaint and supplement are insufficient to state a nonfrivolous claim.

## LEGAL STANDARD

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP at any time if it is determined the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint

relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (*quoting Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## DISCUSSION

### I.  Barred claims

In his Amended Complaint, Plaintiff contends that from September 2020 to November of 2021, the following Defendants violated his constitutional rights: Rayford, Valero, Trice, Woleslage, Davis and Boyd by subjecting him to retaliation, negligence, and cruel and unusual punishment. (ECF No. 11 at 5-6). However, generally claims brought under Section 1983 must be filed within two years from the date a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Piotrowski v. City of Houston*, 51 F.3d 512, 515–16 (5th Cir. 1995). In this case, Plaintiff did not execute his suit until June 4, 2024, well after the two-year statute of limitations expired.

Moreover, although Plaintiff purports to sue the defendants in their individual capacities, he purports to hold Rayford, Woleslage, Davis and Boyd responsible for acts allegedly committed by their employees. (ECF No. 11 at 8, 10-11). However, to establish personal liability under Section 1983, a plaintiff must "establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *See Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (*quoting James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). Only acts or omissions of government officials—not those of their subordinates—will give rise to individual liability under Section 1983. *Id.*

Accordingly, Canales's claims against Rayford, Valero, Trice, Woleslage, Davis and Boyd are **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous claim.

## II.     Claims against counsel substitute

In his Amended Complaint, Plaintiff purports to sue Wilkerson, a counsel substitute, alleging that in October of 2021, she was assigned to his case. (ECF No. 11). Plaintiff alleges that she was grossly negligent in assisting him to prove his innocence and failed to take appropriate action after being informed by Plaintiff that the claims against him were falsified. (*Id.* at 9).

To state a claim under Section 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and further, must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988) The Fifth Circuit has rejected Section 1983 challenges against a counsel substitute's performance, or lack thereof, finding that a counsel substitute does not act under color of state law. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Accordingly, Canales's claims against Wilkerson are **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous claim.

### III. Claims against Officer Pederson

Plaintiff also purports to sue Officer Pederson, maintaining that after being fully informed of the "situation," he overturned only one of the four offenses filed against Canales.[2] (ECF No. 11 at 9). Canales alleges Pederson "did willing[ly] become a partici[pant] involved in retaliation that [led] directly to gross[ ] neglig[ence] and cruel [and] unusual punishment." (*Id.*).

However, prisoners have liberty interests only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *E.g., id.* at 374 (holding that prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance resolved to his satisfaction). Moreover, although an adequate grievance procedure is a condition precedent to filing a suit arising under Section 1983, *see* 42 U.S.C.1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. *Giddings v. Valdez*, No. 06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007). Thus, the Court finds Plaintiff's complaints about the actions and responses to his grievances — even if true — do not amount to constitutional violations.

Moreover, Plaintiff fails to allege facts demonstrating Officer Pederson acted in retaliation or that he otherwise subjected Plaintiff to cruel and unusual behavior. As such his claims are vague and conclusory and subject to dismissal. See Rios, 444 F.3d at 426. For these

---

[2] While Pederson's response to one of these grievances is dated June 22, 2022 (ECF No. 14 at 5), the remaining responses were filed on January 6, 2022, January 11, 2022, and February 28, 2022 – outside the statute of limitations (id. at 20, 25, 29).

reasons, Canales's claims against Pederson are **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous claim.

### IV.     Claims against mailroom staff

Lastly, Plaintiff maintains he purchased several legal books but did not receive them. (ECF No. 11 at 12-15). He maintains Jane Doe, Debbie Strait and Ms. Gutierrez confiscated his property in retaliation and in doing so, have denied access to the court. (*Id.*). While Plaintiff fails to provide dates when this allegedly took place, he submits an invoice for the books dated November 2, 2021. (ECF No. 14 at 30). Additionally, he attaches a second invoice, dated February 15, 2022, wherein the seller advises Plaintiff that the books were delivered and subsequently picked up on November 6, 2021. (*Id.* at 32). Consequently, Plaintiff should have known as early as November 6, 2021, that Defendants had confiscated his property. However, Plaintiff did not execute this suit until June 4, 2024, well over two years from the date he became aware he had suffered an injury or had sufficient information to know he had been injured. *See Redburn*, 898 F.3d at 496; *Piotrowski*, 51 F.3d at 515–16. Accordingly, his claims are barred by the statute of limitations.

Moreover, Plaintiff was previously advised that negligent or intentional deprivations of property by state officials do not rise to the level of due process violations if state law provides adequate post-deprivation remedies. *Propes v. Mays*, 169 F. App'x 183, 184 (5th Cir. 2006) (*citing Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)). In Texas, an adequate post-deprivation remedy exists for the loss of property occasioned by the misconduct of state officials. *Id.*

Accordingly, Plaintiff's claims against Jane Doe, Debbie Strait and Ms. Gutierrez are **DISMISSED WITH PREJUDICE** for failure to state a nonfrivolous complaint.

## CONCLUSION

For reasons set out above, Plaintiff's amended complaint fails to state a claim for which relief may be granted.

**Accordingly, IT IS ORDERED** that Plaintiff Canales's Section 1983 claims against Warden Rayford; Valero, Trice, Wilkinson; Pederson; Woleslage; Asst. Warden Davis; Asst. Warden Boyd; Jane Doe; Debbie Strait; and Ms Gutierrez are **DISMISSED WITH PREJUDICE** pursuant to Sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code for failure to state a non-frivolous claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Produce (ECF No. 15) is **DENIED**; and Motion of Retaliation (ECF No. 17) is **DISMISSED.** Plaintiff is advised that any new claims should be filed in a separate complaint after he has fully exhausted his administrative remedies.

**The Clerk shall send a copy of this Dismissal Order and the Judgment in this case to: Keeper of the "Three-Strikes List," Operations Division, U.S. District Court for the Western District of Texas, San Antonio Division, so this case may be recorded in the "Three Strikes List."**

**SIGNED this 5th day of May, 2025.**

**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**